UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNA LEE WRAY-KANE,

    Plaintiff,

v.                                                     CASE NO: 8:11-cv-854-T-26TGW

WEST MEMPHIS POLICE DEPARTMENT
and JOHN DOES 1 THROUGH 200,

    Defendants.
_____/

**O R D E R**

On April 20, 2011, this Court entered an order at docket 3 directing the *pro se* Plaintiff to file an amended complaint on or before **May 2, 2011**, which complied with the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. Plaintiff has filed her amended complaint at docket 4. Although the Court still harbors doubts as to whether Plaintiff has stated a valid cause of action, the Court concludes that Plaintiff has filed her complaint in the wrong venue.

There can be no question from the allegations of Plaintiff's original and amended complaint that the events giving rise to Plaintiff's claims all transpired in West Memphis, Arkansas. And, even though Plaintiff styles her complaint as one brought against federal agents pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), thus possibly implicating

the venue provisions of 28 U.S.C. § 1391(e)(3) such that venue would lie in this Court, the fact remains that Plaintiff has nowhere alleged that her claims are based on acts perpetrated by federal officers or employees acting in their official capacity or under color of legal authority. Furthermore, assuming Plaintiff's claims are grounded in Bivens, Plaintiff could have brought this action in the Arkansas federal district court where West Memphis, Arkansas, is located under §§ 1391(e)(1) and (2) because Defendants reside in that district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred there. The same is true if Plaintiff's claims are not founded on a Biven's cause of action. See § 1391(b). Consequently, the Court, under the authority of 28 U.S.C., § 1404(a), will direct that this case be transferred to the appropriate federal district court in Arkansas for the convenience of the parties and in the interest of justice. See Kapordelis v. Danzig, 387 Fed.Appx. 905, 906-07 (11th Cir. 2010) (unpublished).

**ACCORDINGLY**, the clerk is directed to transfer this case to the United States District Court for the Eastern District of Arkansas, Jonesboro Division, and to **CLOSE** the case following transfer.

**DONE AND ORDERED** at Tampa, Florida, on May 3, 2011.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
*pro se* Plaintiff